Sanitary Brd of Charleston v. Andrew Wheeler Good morning, Your Honors. May it please the Court to marry round three for the United States. The threshold issue in this case is a straightforward question of what authority the Court should use to interpret the Clean Water Act's fee eligibility standard. Now, in that standard, the sole standard is prevailing or substantially prevailing party. Now, there are two categories of authorities on which the Court should rely. The first is the category that consists of Supreme Court and Fourth Circuit precedents that provide an undisputed definition, to your point, Taris, an undisputed definition of the root term of the Act's standard. The second category of- I'm sorry. So an undisputed definition of prevailing party. Correct, yes. Which already includes you prevail on the merits on some claims. Yes, correct. Now, the second category consists of precedents from several circuits that have interpreted the exact- I want to make sure in your answer to Judge Harris's question, I took some of your argument on brief, perhaps incorrectly, to mean if a party filed a complaint and it had five counts, and it went to verdict and it came back and you got a verdict on three counts, but not on the other two, you would not count that as a prevailing party. Is the question did the party prevail in the lawsuit? And are you looking at did it prevail on particular claims or did it prevail on a particular claim? So it's a question of extent and degree. I'm sorry. I thought your answer to my question was that we know from Buchanan, or Buchanan, which provides one definition of prevailing that goes across context, that when the Clean Water Act uses the phrase prevailing party, it means you won on the merits on some. It includes winning on the merits on some, but not all of your claims. And I thought your brief said that the work that is done in this statute by substantially prevailing is that that covers. You win on some, but not all of your claims. So how do you reconcile those two things? I think I hear the court asking perhaps, what is the range, what is the extent that's covered in the Clean Water Act's language? Because it speaks to prevailing party or substantially prevailing party. And I think you're answering that. To go back to the hypothetical I gave you, if a party comes in and asks for fees and they've won on three out of five counts in their complaint, are they considered a prevailing party or a substantially prevailing party? A court could view that as substantially prevailing, because you said three out of five, which could be considered substantially. But could a court view that as not being a prevailing party, given that Buchanan says expressly, if you prevail on some, but not all of your claims, you are a prevailing party? I'm sorry, you're saying under the? I understand your argument that a court might think that you are substantially prevailing if you win on three out of five claims. But wouldn't a court also have to think that you are prevailing? Well, yes. OK. Yes, yes. I would also have to think you are prevailing. What work, in your view, does the additional language or substantially prevailing do in this statute? It's not necessary to cover people who prevail on some, but not all of their claims. So what does it do? The attachment that we are speaking of is the Buchanan's definition. Under Buchanan, a prevailing party can prevail on some claims. We are speaking of a provision that was written in 1987 before Buchanan. Your entire argument is that we have to import from Buchanan the rest of the definition of prevailing, inter-prevailing party, that it requires a win on the merits, it requires judicial imprimatur. Yes. Your entire argument, as I understand it, is all of that part of Buchanan has to, by the terms of Buchanan, be imported into this statute. So why don't we import the rest of the sentence that says, on some, but not all of the claims? How can you split it up that way? I'm sorry, and I don't see the problem. Perhaps it's because what we're saying is, Buchanan defines prevailing party. Prevailing party is the root term of the standard in this case. Let me try this one more time, because I genuinely don't understand. Buchanan defines the root term prevailing party. Correct, which applies to both prevailing and substantially prevailing party. Yes. It defines prevailing party by itself, without the modifier substantial to include winning on some, but not all of your claims with judicial imprimatur. If that is so, I don't understand the government's position about what the extra word you can win by, then what work in this statute does substantially prevailing do if it is not necessary to cover cases where people win on some, but not all of their claims? Congress apparently decided that that clarification, that you can win on some, but not all, was needed. Because the phrase prevailing or substantially prevailing party can be read as, you prevail on all claims, or you prevail on substantially all claims. Congress, by putting it substantially, simply said what Buchanan is also saying. It can be all claims, or it can be substantially all of the claims. So if the war allowed, you think under Buchanan, we can go back and figure out not what those words mean today, but what Congress might have thought they meant in 1987? I don't see that they aren't reconcilable. As I said, I'm simply Congress knew in 1987 that prevailing party already covered winning on some, but all of your claims. By saying substantially prevailing party, that's how Congress got to that. That's how I see Congress got to that point. And I apologize if I'm missing your point. But the point I was trying to Well, let me, so are you suggesting that for purposes of this statute, these words, which Judge Harris indicated in Ruckelhaus, whatever the name of the case is, prevailing party doesn't flow across to this particular statute, but because we have these three definitions, prevailing, substantially prevailing, they mean something different. No, no, no, if I might, actually, I'm saying, I think actually it's the opposite of what you're saying. Because we have one standard in the act, it's prevailing or substantially prevailing party. That's the standard. The root term of that entire standard is prevailing party. So we have a definition for prevailing party. Therefore, it must apply, it's an inextricable and essential element of the fee eligibility standard here. So it applies across the board. So it's a substantially prevailing party and a prevailing party in this statute, the same thing. They have the same root term. They are distinguished only by- But are they the same thing? I mean, as I understand part of the argument from your opposing counsel is that because they are two terms separated by the disjunctive, that they have to have some type of dissimilar meaning. Otherwise, the substantially prevailing party term is superfluous. So I think that's what all our questions are going to, is what's the difference between a prevailing party and a substantially prevailing party? Are you saying that this was just some committee staffer who was drinking too much that night they were putting this thing together? No, let me try it this way. Borrowing from some of what you've said, Judge Harris, the term prevailing party has, this is undisputed, legal term of art, is to be interpreted consistently across all fee-shifting statutes, regardless of context. Okay, so we have this term. We plop it into the Clean Water Act. It couldn't be more clear. It has got to have the same meaning in the Clean Water Act. It's the root term, it has got to mean the same thing, and it's got to require judicial imprimatur regardless. All right, so the question becomes, we have this slight linguistic change. We've added the adjective, the simple adjective, substantially. What did that do? Well, let's think about it. If we had a standard that said substantially prevailing party, partially prevailing party, by the skin of your teeth prevailing party, you still have to be a prevailing party. So then we should read the phrase substantially prevailing party to mean substantially prevailed on the merits on some but not all of your claims. Because we know prevailing party means prevailed on the merits on some but not all of your claims. So we should read, we think that that means you substantially prevailed. So then what work is the word substantially doing? It's differential, perhaps I can start with the gradations. Prevailing has got to be something here. Substantially is something less. If the court, if the Congress, then it's already incorporated into prevailing. Why would Congress have needed to say if substantially is a subset of prevailing, why couldn't Congress just have said prevailing party? Because then it would have subsumed. Apparently, it just simply wanted to make clear to courts, it doesn't, if the court for some reason, because this is before Buchanan, if the court for some reason, I could just finish. If Congress clearly could have thought if a court thinks prevailing means prevailing on every claim, we want to make it clear to you courts, you don't have to prevail, the party doesn't have to prevail on every claim. It can prevail on substantially all claims. That's a different, that's at least an argument. But I suppose the other point is, even if there's some concern about what these terms mean, I don't know, what's the argument for importing a catalyst theory of recovery into substantially prevailing? I don't know what the argument is, there isn't. Because as I said, given that prevailing party is to, the definition of prevailing party is to apply consistently across all fee-shifting statutes, there is no way that all of a sudden, the catalyst theory can be inserted into the term substantially prevailing party and deprive that term of its core meaning, which is what the other side is suggesting. Somehow, the term substantially prevailing party loses all meaning and is morphed and comes back as a bigger beast being the catalyst theory. Well, can I tell you what the theory might be? Is that in Pierce versus Underwood, the court talks about, the Supreme Court, how there are two different meanings, somewhat contradictory of substantial and sufficace, although a slightly different context. And they say sometimes substantial means very. Like you prevailed, but you prevailed by a lot. But sometimes it means not formally, but functionally. You didn't formally prevail, but functionally, in substance, you got what you were after. So I think it's that meaning that would allow you to think maybe substantially prevailing captures the catalyst theory. If that were the case, given the climate in which the Clean Water Act was amended, I certainly think Congress would have been more specific in saying that, particularly because the act originally read as one that could envelop or encompass the catalyst theory. This was Congress's attempt to change it and had it wanted to maintain any of the life that it originally had. I genuinely struggle with this, because I think the language in Buchanan, which you rely on very heavily in your arguments, saying context doesn't matter. We don't care what the context of the statute is. Prevailing means prevailing. If we think that is true, and I think that's an odd weight. I struggle with that, because context matters everywhere else, so why wouldn't it matter here? But if that's true, does the legislative history and sort of imagining what Congress might have thought in 1987, are we allowed to do any of that, or are we just really stuck with what the court said in Buchanan? It doesn't matter what Congress would have thought in 1987. All that matters is that here and now, this is what prevailing party means. I think the court, the court can choose to ignore the legislative history to the extent the court deems it. How you read that language in Buchanan that says context doesn't matter, this is a term of art, don't look at context. I'm asking for the government's position. On whether that should be? Well, it's actually precedent under Supreme Court in this court. On whether, in light of that, we may look at the legislative history,  what Congress was thinking about in 1987. It's there for the court to consider. I don't know that the court cannot consider it. I just, I'm afraid of going into a trap that I don't understand. I don't, I just don't under- I have a question about whether you think we should look at the legislative history. I think the court can, I think indeed the court can look to the legislative history, particularly given that we started with a statute that read one way, and was changed to read another way. And- I just have a slight follow-up. So we can look at the legislative history, and so if the legislative history indicated something different about the meaning of prevailing, could we look at that after Buchanan? I am, there is no trap here. I am trying to figure out- I would say not. No, if this court, this court has accepted what's in Buchanan, so if the precedent is what's in Buchanan, and the definition of prevailing party, and so it applies. It applies, it's in the statute, that's how it should be read. And judicial imprimatur is required. The baseline, perhaps we can all take comfort in knowing the baseline requirement of prevailing party is that there's gotta be judicial imprimatur. So parsing as to what's prevailing, is it some, all, three, five, I don't know is absolutely necessary that we do it. What we know is the bottom line, though, is that there must be judicial imprimatur, which was missing in this case. Perhaps I can offer the court- Let me follow up on Judge Harris's question, because I don't think you're suggesting that Congress couldn't attach different meanings to different words and statutes, right? They can certainly disagree with the Supreme Court, and say, you're wrong. Yes. In this statute, this Clean Water Act, substantially prevailed means something different than in any other statute. And I guess what Judge Harris is getting at is whether or not the legislative history in this case supports a different meaning for substantially prevailing. What do you think? A different meaning than- Well, different than it, than in Buckhauser and the other cases that suggest that it's a straight meaning all across the board. Buckha- Buchanan, sorry. I think it's got consistent meaning in the legislative history and in Buchanan, and particularly because the bottom line is judicial imprimatur. I would just refer this court to its decision in S1 and S2, which was cited back in 1994. The court, it was a prevailing party statute. The court defined prevailing party, and again, acknowledged that it requires judicial imprimatur, which is what Buchanan said, which is what we're saying is required here. In this particular case, if I'm remembering the district courts correctly, the district courts seem to say, for purposes of this act, a prevailing party and a substantially prevailing party are basically the same thing. And because of that, we're gonna apply the Buchanan requirement to have the judicial order in order for there to be a fee recovery. So was the district court's approach correct? I think that, with all due respect, I think that's a slight misinterpretation or potential misinterpretation of what the district court said. I don't think the district court meant to either collapse the two or say they are exactly the same. I think what the district court was acknowledging that we have this phrase prevailing party that has got to apply whether you're talking about substantially prevailing party or prevailing party. The requirements of prevailing party must- Let me ask this a different way. In order for you to prevail, in other words, for the court to hold the catalyst theory does not apply, is it necessary that we differentiate between prevailing party and substantially prevailing party as a matter of law? No, no. Particularly because as I started, the standard here is prevailing or substantially prevailing party. That is what we're trying to figure out the definition of. Not parsing, creating two different words. Congress could have said a prevailing party or substantially prevailing party and perhaps then we'd have to have this discussion. We don't because as it's worded, it's a unique phraseology, but it's what's there and it's what we're stuck with. That's what we have to deal with. And again, I said as the root term of the sole standard in this case, prevailing party has got to have meaning across the board. If I might just address the Reinbold case, which was raised by Amiki. Reinbold has no application here. Reinbold is one in a line of cases that involves the Privacy Act. The Privacy Act has the fee provision requirement that a claimant substantially prevail, period. That's the language. Reinbold, along with a long line of cases prior to it, Court of Appeals cases, recognized that that phrase, substantially prevailed, should be construed using cases that have construed FOIA, which had exactly the same language, substantially prevailed. The Court of Appeals cases that have addressed this accept this and do not even question it. As a matter of fact, in Reinbold, there's a case by the name of Sweat in which the D.C. Circuit actually said that the cases that construe FOIA established doctrine for analyzing the Privacy Act case. And again, the Privacy Act case was at issue in Reinbold. To the extent the Court has any question as to the fact that Reinbold stands for the proposition that Privacy Act cases and FOIA cases should be analyzed correctly in terms of their fee provision, every case that has cited to Reinbold after it was decided has been a FOIA case or a Privacy Act case. The sole case that cited to it and wasn't Privacy or FOIA was the OVEC District Court case that has been submitted to this Court in a 28J letter. And tellingly, if the Court looks at the way the OVEC case, the District Court case, cites to the Reinbold holding, it doesn't use the entire test that's used for that substantially prevailing test in those separate set of cases. It removes the language that's specific to FOIA, specific to Privacy Act cases, which actually is language that speaks to the release of records. And if I might, the test for the Privacy Act and FOIA cases is that the fee applicant must establish that his Privacy Act claim was reasonably necessary and substantially caused by the requested records to be released. And substantially caused the requested records to be released. In the OVEC decision, the Court removed the reference to requested records that were to be released and simply refers to it as relief. I simply want to make sure that the Court understands that that case has no application here. It's not the same standard and doesn't control. Thank you very much.  Thank you, Your Honor. First, I'd like to answer Judge Agee's question about his example of a five counts, three wins with the judicial imprimatur. So the Supreme Court ruled in Hensley in 1983 that if we were dealing with a prevailing party standard, that having five counts, three wins means you are a prevailing party. There's no question about substantial prevailing party was issued. The fact they didn't win on all claims doesn't matter. They have prevailed. So again, this construction that EPA is offering about substantially prevailing party is superfluous. It already exists within the context of the prevailing party case law. Second, I wanted to address also the question about HART. You'd asked about the four categories in HART. Supreme Court actually broke these actually into three groups. It said most fee-shifting provisions permit a court to award attorneys for only to a prevailing party. That's group one. Others permit a substantially prevailing party or a successful litigant to obtain parties. That's two. And then the other ones are authorized district courts where attorneys fees where appropriate or discretion. So our point is that perhaps the last category is even more wide open. Maybe you win on an insubstantial issue before the court, but within this context of substantially prevailing party or successful, success requires you achieve some relief that you have requested, but short of a ruling on the merits. In this instance, we're asking that substantially prevailing part must mean something. It was included by Congress. They used the word or. Congress could have stopped a prevailing party and they didn't. It has to mean something. So with that, we ask then that the court find that 33 U.S.C. 1365D authorizes fee awards under the Cattus theory for substantially prevailing parties like the board. We ask that you reverse the district court's denial of our motion for attorney's fees and order the EPA award fees in our favor. Any further questions? Thank you very much.
judges: G. Steven Agee, Albert Diaz, Pamela A. Harris